UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DERRELL ROBERTSON,

    Plaintiff,

    v.

CAPTAIN SMILEY, et al.,

    Defendants.

CAUSE NO. 3:19CV910-PPS/MGG

OPINION AND ORDER

Jerome Derrell Robertson, a prisoner without a lawyer, filed a complaint against three correctional officers at the Westville Control Unit.[1] He also seeks leave to proceed in forma pauperis. However, Robertson is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule," and Robertson has three strikes.[2] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and

---

[1] On the first page of his complaint form, Robertson states that he is suing seven (7) defendants, but he only lists three (3) — Captain Smiley, Lt. Pickens, and Sgt. Reed. It is not clear who Robertson intends the remaining defendants to be, as he names a total of twelve (12) individuals in the facts section of his complaint.

[2] (1) *Robertson v. Spears*, 1:15CV1405 (S.D. Ind. filed September 3, 2015), dismissed December 4, 2015, for failure to state a claim;
    (2) *Robertson v. Spitzer*, 3:18CV609 (N.D. Ind. filed August 7, 2018), dismissed October 17, 2018, pursuant to 28 U.S.C. § 1915A because the amended complaint sought money damages against a defendant who was immune from such relief; and
    (3) *Robertson v. Sevier*, 3:18CV637 (N.D. Ind. filed August 14, 2018), dismissed August 24, 2018, for failure to state a claim.

proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Robertson alleges that Captain Smiley, Lt. Pickens, and Sgt. Reed failed to protect him from an attack by another inmate. He claims he advised the officers of threats he had been receiving, but they ignored his pleas for help. On June 10, 2019, Offender Smith—who is known to have Hepatitis C—assaulted him with bodily fluids causing injury to his left eye. He states that the officers refused to move him to a different unit after the attack. However, Robertson admits that he contacted internal affairs on June 11th, and he was moved the next day. ECF 1 at 9. These allegations do not plausibly allege that Robertson is now in imminent danger of serious physical injury.

He also describes the medical treatment he received. Robertson requested a Hepatitis C test on the day of the incident, but he was told by a nurse that the test could only be performed after a three-month waiting period. Robertson alleges he told the medical staff on June 28th that he was "distressed from the fear" of the possibility of catching the disease. ECF 1 at 6; ECF 1-2 at 12. However, Robertson does not allege that the test was never performed after the requisite waiting period expired or that he was diagnosed with Hepatitis C and is failing to receive treatment for it. Robertson's feelings of distress do not qualify as a basis for circumventing the Three Strikes Rule.

Finally, Robertson complains about his vision. Following the initial triage where Robertson's eye was flushed out with ophthalmic solution, it was determined that he likely needed glasses unrelated to the incident, so he was referred to the eye clinic. ECF

2

1 at 4–6. The results of an eye exam indicated he did not qualify for a visit with an optometrist,[3] so he was advised to purchase reading glasses from the commissary instead. *Id*. at 5–6. Although a slight decrease in peripheral vision was noted in August, he was again advised to purchase glasses from the commissary after the matter had been investigated. *Id*. at 7–8. Robertson claims that his vision is worsening because he is too indigent to buy the recommended glasses. *Id*. at 8. He requests "$750,000 for injury and damages." *Id*. at 10.

Claims for monetary damages are not genuine emergencies. Robertson is an experienced litigator who knows how to seek both permanent and preliminary injunctive relief,[4] yet he has not done so here. Because Robertson's complaint seeks only monetary damages—and he ties those claims regarding his vision to an inability to purchase reading glasses from the commissary—I find that he has not plausibly alleged he is in imminent danger of serious physical injury.

Nonetheless, Robertson filed this complaint without paying the filing fee. He seeks leave to proceed in forma pauperis even though he knew he was struck out:

> 1. On December 17, 2018, he was told he had struck out and could not proceed in forma pauperis unless he was in imminent danger of serious physical injury. *Robertson v. Nevels*, 3:18CV1008 (N.D. Ind. filed December 13, 2018), ECF 3.

---

[3] Staff from the eye clinic noted that his overall vision was 20/20, while each separate eye tested at 20/30. ECF 1-2 at 12.

[4] *See e.g. Robertson v. Warden*, 3:19CV938 (N.D. Ind. filed Oct. 21, 2019), ECF 1 & 3; *Robertson v. Carter*, 3:19CV147 (N.D. Ind. filed March 4, 2019), ECF 1, 6, & 8; *Robertson v. Warden*, 3:19CV023 (N.D. Ind. filed Jan. 10, 2019), ECF 1; *Robertson v. Warden*, 3:18CV814 (N.D. Ind. filed Oct. 3, 2018), ECF 1; *Robertson v. Sevier*, 3:18CV637 (N.D. Ind. filed Aug. 14, 2018), ECF 1 & 3.

3

2. On January 14, 2019, he was told he had struck out and could not proceed in forma pauperis unless he was in imminent danger of serious physical injury. *Robertson v. Sevier*, 3:19CV023 (N.D. Ind. filed Jan. 10, 2019), ECF 2.

3. On May 9, 2019, he was told he had struck out and could not proceed in forma pauperis unless he was in imminent danger of serious physical injury. *Robertson v. Carter*, 3:19CV147 (N.D. Ind. filed March 4, 2019), ECF 10.

As such, prior to filing this lawsuit, Robertson had been told three times he has struck out and cannot proceed in forma pauperis unless he is in imminent danger of serious physical injury.[5] He knows he must pre-pay the $400 filing fee unless he files a complaint clearly alleging he is in imminent danger of serious physical injury.

The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

---

[5] Since filing this lawsuit, Robertson has been restricted in yet another case. *See Robertson v. West*, 3:19CV1004 (N.D. Ind. filed Nov. 4, 2019), ECF 3.

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Robertson restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from litigating any of his other three pending civil rights lawsuits in this court including the one where he has clearly alleged that he is in imminent danger of serious physical injury.

ACCORDINGLY, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) DENIES Jerome Derrell Robertson leave to proceed in forma pauperis (ECF 2);

(3) ORDERS the plaintiff, **Jerome Derrell Robertson, IDOC # 894086**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Jerome Derrell Robertson in any cases except:

**3:18CV522-DRL/MGG,**

**3:18CV586-DRL/MGG,**

**3:19CV938-DRL/MGG**

(except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the clerk to note on the docket of *Robertson v. West*, 3:19CV1004, any attempted filings in violation of this order; and

(7) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on November 19, 2019.

                                                                    /s/ Philip P. Simon  
                                                                    JUDGE  
                                                                    UNITED STATES DISTRICT COURT